**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

---------------------------------------------------------------------X

THE TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,                                    Civil Action No.

                              Plaintiff,

                    -against-

THE HANOVER INSURANCE COMPANY,

                             Defendant.

---------------------------------------------------------------------X

## COMPLAINT FOR DECLARATORY RELIEF

The Plaintiff, THE TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA ("Travelers"), and for its Complaint for Declaratory Judgment against Defendant, THE HANOVER INSURANCE COMPANY ("Hanover"), alleges upon information and belief as follows:

## NATURE OF ACTION

1.      This is an insurance coverage action brought for declaratory relief for defense and indemnification arising out of an insurance policy that Hanover issued to Rosado and Sons, Inc. ("Rosado") as a named insured thereunder.

2.      In the instant action, Travelers seeks a determination from this Court that Hanover is obligated to defend and indemnify PP Hudson Investors, LLC ("PP Hudson") and PP Wheeler Investors, LLC ("PP Wheeler"), in connection with claims for injuries allegedly sustained by Thierry Hygino (the "Claimant") against PP Hudson and PP Wheeler, and Rosado, as a result of an alleged slip and fall on snow and ice in the parking lot of a property located in Marlborough, Massachusetts.  The lawsuit, entitled, *Thierry Hygino v. PP Hudson Investors, LLC, et al., Civil Action 2381CV02567*, is currently pending in Middlesex (Massachusetts) Superior Court

1

(hereinafter, "the Underlying Action"). Travelers also seeks a declaration that Hanover is obligated to reimburse Travelers for defense costs paid by Travelers to date in the defense of the claims asserted against PP Hudson and PP Wheeler in the Underlying Action.

## PARTIES

3.     At all times relevant hereto, Travelers was and is a Connecticut corporation duly licensed and authorized to write insurance and conduct business in the Commonwealth of Massachusetts with a principal place of business in Hartford, Connecticut.

4.     Upon information and belief, at all times relevant hereto, Hanover was and is a Massachusetts corporation duly licensed with a principal place of business in Worcester, Massachusetts.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. section 1332 and 28 U.S.C. 2201.

6.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b) in that a substantial part of the events giving rise to this claim occurred here.

7.     An actual justiciable case or controversy exists between the parties as to the coverage afforded under the insurance policy issued by Defendant Hanover such that the issues presented in this Complaint are appropriate for resolution by this Court.

8.     The Plaintiff, Travelers has no adequate remedy at law.

**POLICIES**

9.      Travelers issued to PP Hudson and PP Wheeler, a policy of Commercial General Liability insurance bearing policy number Y-630-18534177-TIL-21, with effective dates of coverage from April 3, 2021 to April 2, 2022 (the "Travelers Policy").

10.     Subject to certain terms, conditions and exclusions, the Travelers Policy generally provides coverage for bodily injury or property damage that takes place during the policy period and is caused by an accident.

11.     The Travelers Policy contains excess "other insurance" clauses that provides that coverage under the Travelers Policy is excess over any other coverage available to the insured when the insured is an additional insured, or is any other insured that does not qualify as a named insured, under such other insurance.

12.     The Defendant, Hanover issued to Rosado, a policy of Commercial General Liability ("CGL") insurance bearing policy number ZHN D353293, with effective dates of coverage from August 20, 2021 to August to 20, 2022 (the "Hanover Policy").

13.     Subject to certain terms, conditions, and exclusions, the Hanover Policy generally provides coverage for bodily injury or property damage that takes place during the policy period and is caused by an accident.

14.     The endorsement to the Hanover's CGL Policy issued to Rosado provides, in pertinent part:

    **1.**    **Additional Insured by Contract, Agreement or Permit**
        The following is added to **SECTION II – WHO IS AN INSURED**:

        **Additional Insured by Contract, Agreement or Permit**

        **a.** Any person or organization with whom you agreed in a written contract, written agreement or permit that such person or organization to add an additional insured on your policy is an

3

additional insured only with respect to liability for "bodily injury", "property damage", or "personal and advertising injury" caused, in whole or in part, by your acts or omissions, or the acts or omissions of those acting on your behalf, but only with respect to:

(1) "Your work" for the additional insured(s) designated in the contract, agreement, or permit.

(3)  Applies on a primary basis if that is required by the written contract, written agreement, or permit

## RELEVENT FACTUAL BACKGROUND

15.     PP Wheeler owns a property located at 27 Christie Way, Marlborough, Massachusetts, known as the Point (hereinafter, "the Point"). Panco Management of NJ, LLC ("Panco"), serves as the property management company for the Point.

16.     PP Hudson did not own, manage, control, or have any involvement in the Point, but it is an affiliate of PP Wheeler.

17.     Panco, as the property manager, and Rosado, as the contractor, entered into a Services Agreement dated September 21, 2021, for a term between November 1, 2021 and April 30, 2022 (hereinafter, "the Contract"), for Rosado to perform snow plowing and snow removal services at the Point. A true and accurate copy of the Contract is attached hereto as **Exhibit 1**.

18.     Pursuant to the Contract, Rosado (the contractor), was required to carry general commercial liability coverage, and to provide coverage for PP Wheeler (the owner), PP Hudson (PP Wheeler's affiliate), and Panco (the property manager) as additional insureds via endorsement, on a primary, non-contributory basis. See **Exhibit 1**.

19.     In addition, Rosado (the contractor) agreed to indemnify, defend, and hold harmless PP Wheeler and Panco, for any claims arising from any contractor breach of the agreement, and for any loss, damage, liability, cost, or expense (including reasonable attorney's fees) arising out of acts and/or omissions of Rosado. See **Exhibit 1**.

4

20.     The Claimant alleges personal injuries as a result of slipping and falling on snow and ice in the parking lot of the Point on January 25, 2022

21.     On or about September 12, 2023, the Claimant filed the Underlying Action, alleging negligence against PP Hudson, PP Wheeler, and Rosado.

22.     The Claimant alleges that Rosado failed to exercise ordinary care and allowed the unnatural accumulation of snow and ice in the parking lot area at the Point, resulting in the Claimant's injuries.

23.     The Claimant alleged damages of at least $113,167.00.

24.     Travelers provided and continues to provide a defense to PP Hudson and PP Wheeler in the Underlying Action.

**TENDERS TO ROSADO AND HANOVER**

25.      By letter dated June 9, 2022, Travelers tendered to Rosado, seeking defense and indemnity for PP Hudson and PP Wheeler.

26.     On January 23, 2023, Hanover responded to Travelers' tender, and Hanover denied the tender, claiming that the loss location was different from the location of the Property as set forth in the Contract, and Hanover disputed that Rosado was negligent.

27.     On March 24, 2023, Travelers sent Hanover information and documentation showing that the loss location and the location of the Property as set forth in the parties' Contract was one and the same, and Travelers re-tendered to Hanover, seeking defense and indemnity for PP Hudson and PP Wheeler.

28.     Hanover did not respond to Travelers' March 24, 2023 re-tender.

29.     On October 20, 2023, Travelers sent another re-tender to Hanover.

30.     On October 20, 2023, Hanover responded, again denying Travelers' tender on the basis that the Claimant had yet to establish that Rosado was liable for the loss.

31.     On February 18, 2025, Travelers once again tendered to Hanover, citing the language in the parties' Contract as well as the language in Rosado's policy with Hanover.

32.     On February 19, 2025, Hanover responded that its position had not changed, and that Hanover was maintaining its denial of Travelers' tender.

## TRAVELERS' CAUSE OF ACTION FOR DECLARATORY RELIEF

33.     Travelers repeats and realleges the allegations contained in paragraphs 1-32 above as if set forth here in their entirety.

34.     Rosado performed snow removal services at the site of the Claimant's accident on the Property pursuant to the Contract.

35.     Rosado's acts and/or omissions during the snow removal services it performed at the site of the Claimant's accident on the Property pursuant to the Contract resulted in a claim for bodily injury by the Claimant.

36.     PP Hudson and PP Wheeler qualify as additional insureds under the Hanover Policy.

37.     Coverage provided to PP Hudson and PP Wheeler by the Hanover Policy with respect to the Underlying Action is primary to that provided by Travelers.

38.     Accordingly, Travelers seeks a declaration that Hanover has an obligation to defend and indemnify PP Hudson and PP Wheeler as additional insureds in the Underlying Action; that the coverage provided to PP Hudson and PP Wheeler by the Hanover Policy for the Underlying Action is primary; and that the obligations of Travelers to PP Hudson and PP Wheeler in the

Underlying Action are excess to proper exhaustion and full payment of the limits of the Hanover Policy.

39.     In addition, Travelers seeks an award at law and in equity against Hanover for the recovery of all sums that Travelers has incurred and continues to incur in the defense of PP Hudson and PP Wheeler in the Underlying Action because the coverages provided by the Hanover Policy are primary to any coverage provided by Travelers.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, Travelers prays that judgment be entered as follows:

1.     Declaring that the Hanover Policy was in full force and effect on the date of the alleged accident.

2.     Declaring that all terms and conditions of the Hanover Policy have been complied with and met.

3.     Declaring that the alleged accident and Underlying Action fall within the coverage afforded by the Hanover Policy.

4.     Declaring that the Defendant, Hanover owes a duty to defend PP Hudson and PP Wheeler in connection with the Underlying Action.

5.     Declaring that the Defendant, Hanover owes a duty to indemnify PP Hudson and PP Wheeler in connection with the Underlying Action.

6.     Declaring that the Defendant, Hanover's coverage obligations to PP Hudson and PP Wheeler in connection with the Underlying Action are primary.

7.     Declaring that Plaintiff, Travelers' coverage obligations under the Travelers' Policy are excess to those of the Defendant, Hanover with respect to the Underlying Action.

8.    Declaring that an actual controversy exists between the Plaintiff, Travelers and the Defendant, Hanover with respect to Hanover's duty to defend and indemnify PP Hudson and PP Wheeler in connection with the Underlying Action.

9.    Granting an award in favor of the Plaintiff, Travelers against the Defendant, Hanover for all sums that Travelers has paid and is continuing to pay in defending PP Hudson and PP Wheeler as to the Underlying Action.

10.    Granting an award in favor of the Plaintiff, Travelers for the costs of suit incurred herein, including reasonable attorney's fees.

11.    Granting such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED:

THE PLAINTIFF
The Travelers Property Casualty Company
of America


By:   /s/Shahan J. Kapitanyan
        Shahan J. Kapitanyan, BBO # 654055
        USERY & ASSOCIATES
        Attorney for Plaintiff
        Main:508-946-6321
        Fax: 844-571-3789
        Email: skapitan@travelers.com

        Please address all correspondence sent by
        mail to:
        P.O. Box 2996
        Hartford, CT 06104-2996

        Physical Address:
        485 Lexington Avenue, 6th Floor
        New York NY 10017

August 22, 2025